IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GEORGE TOOLE,

    Petitioner,

v.                                                                   CASE NO. 4:08-cv-00241-MP -WCS

WALTER A MCNEIL,

    Respondent.

_____/

## **O R D E R**

This matter is before the Court on Doc. 18, Report and Recommendation of the Magistrate Judge, which recommends that 28 U.S.C. § 2254 Petition for writ of habeas corpus filed by George T. Toole challenging convictions for three counts of sexual battery upon a child between the ages of twelve and eighteen by a person in familial or custodial authority in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, case number 02-2223-AF, be denied with prejudice and that a certificate of appealability be denied pursuant to § 2254 Rule 11(a). Petitioner timely objected to the Magistrate Judge's Report and Recommendation, Doc. 27. This Court reviews objected-to material *de novo*.

"Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 839, 119 S. Ct. 1728, 1730 (1999) (citing 28 U.S.C. §§ 2254(b)(1), (c)). To properly exhaust remedies as required by § 2254(b), "the federal claim must be fairly presented to the state courts." *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 512 (1971). However, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies

available in the courts of the State." 28 U.S.C. § 2254(b)(2).

If a claim was not fairly presented but is procedurally barred from further state court review, Petitioner must demonstrate cause for the default and actual prejudice, or demonstrate that the constitutional violation has probably resulted in conviction of an innocent person. *See Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2565 (1991). For a claim which was fairly presented and adjudicated on the merits by the state court, the state court's factual determinations are presumed correct unless the Petitioner rebuts the presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

Petitioner raises three separate claims. First, Petitioner contends that he was deprived of effective assistance of counsel because his attorney allowed a biased juror to remain on the jury. However, Petitioner failed to present this issue to the state in his initial Rule 3.850 motion. Petitioner raised this issue more than two years later in an amended Rule 3.850 motion. A Rule 3.850 motion may be amended any time prior to the trial court's ruling as long as the amended motion is filed within the two-year limitation period prescribed by rule 3.850(b). *Kline v. State*, 858 So. 2d 1257 (Fla. 1 DCA 2003). The trial court denied the "amended" motion as successive because it was neither prior to the trial court's ruling nor within the two-year limitations period. That ruling was affirmed *per curiam* on appeal.

In his Objection to the Magistrate Judge's Report and Recommendation, Petitioner argues that his "amended Rule 3.850 motion is a properly filed pleading authorized by state law" and "the fact that [sic] State erroneously did not reach the merits of the federal claim did not bar federal habeas corpus relief thereof." Doc. 27 at 6-7. However, the state court's ruling denying Petitioner's "amended" motion as successive rests on adequate state grounds independent of the federal question. As such, Petitioner's first ground is procedurally defaulted and he has not

shown cause or prejudice for the default.  Thus, this court may not reach the merits of the claim.

Petitioner also contends that he was denied effective assistance of counsel because his attorney did not adequately impeach the victim with his prior inconsistent statements.  The trial court denied this claim reasoning that "counsel did attempt to impeach the victim with his prior statements during counsel's thorough cross-examination."  The Magistrate Judge correctly concluded that "Petitioner has not shown that the state court's ruling on this constitutional claim was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Doc. 18 at 13 (citing 28 U.S.C. § 2254(d)).

Finally, Petitioner contends that he was denied due process and equal protection of the law because the prosecutor used false testimony at trial.  This is not an equal protection claim.  The government's knowing use of false testimony violates due process.  The state court ruled that "Defendant's claim is facially insufficient and does not rise to the level of a *Giglio* violation because he does not identify specific testimony he believes is false or state a basis for any testimony being false."  Despite this possible procedural default, the Magistrate Judge addressed the merits of the claim and correctly concluded that "[t]here was no violation of due process and no *Giglio* claim." Doc. 18 at 17.  Accordingly it is hereby

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge, Doc. 18, is ADOPTED and incorporated herein.

2. Petition for writ of habeas corpus, Doc.1, is DENIED with prejudice.

3. Certificate of Appealability is DENIED pursuant to § 2254 Rule 11(a).

**DONE AND ORDERED** this <u> 10th</u> day of March, 2011

<u> *s/Maurice M. Paul* </u>

Maurice M. Paul, Senior District Judge